THE TRENTON PASSENGER RAILWAY COMPANY

*v.*

SAMUEL K. WILSON.

1. On a general demurrer to the whole bill for want of party defendants, if any one of the several claims on which the bill is based, appears in the bill to be a claim against the defendant alone, the demurrer must be overruled.

2. As to one of the claims set out in the bill, which might be construed to be a joint and several claim against the defendant and another, the non-joinder of such other person is not ground of demurrer. *Stockton* v. *Anderson, 13 Stew. Eq. 486,* followed.

On bill and demurrer.

*Mr. Robert S. Woodruff, Mr. James Buchanan* and *Mr. Frank Bergen,* for the complainant.

*Mr. Samuel K. Robbins* and *Mr. David J. Pancoast,* for the demurrant.

EMERY, V. C.

The bill in this case is filed by the Trenton Passenger Railway Company against Samuel K. Wilson, as sole defendant, and is demurred to on the sole ground that Lewis Perrine, junior, should be made a party defendant to the bill.    This demurrer, for want of parties, seems to me to be based on a misconception of the gravamen of the claims against Wilson, upon which the bill is founded.    The bill is filed by the corporation for an account of the money and other assets of the company alleged to have been taken by the defendant, in violation of his duties as a director and officer of the company.    The bill charges sev-

37

eral illegal appropriations of the company's assets, and, with one exception, all of these appropriations are alleged to have been made by the defendant, nor is there any allegation that Perrine or any other person than the defendant took part in the withdrawal. The first claim is, that on October 1st, 1891, a promissory note for $130,000, purporting to have been made by the company, was obtained by the defendant, and the sum of $1,900 in cash was taken by him from the treasury of the company, and without the knowledge, consent and authority of the board of directors, and that the complainant did not at the time of taking, or at any other time, owe the defendant any portion of these sums. The bill further charges that the defendant afterwards, by means of his position as vice president and director, obtained possession of $260,000 in mortgage bonds of the company, which had been issued for other purposes, and from the proceeds of sale of some of these bonds received between June and September, 1894, $130,000, which was paid to him as an officer of the company and the custodian of the bonds, and was by him applied to the payment of the note above mentioned, without authority of the complainant and against the objection and protest of the company's then president, who, as appears by other portions of the bill, was said Perrine. It is clear that there is no reason, apparent on the face of the bill, why Perrine should be made party defendant to the claim based on this alleged misappropriation, to which he is said to have objected.

The second claim is based upon the charge that the defendant, between October 1st, 1891, and September, 1894, obtained from the company's treasury, without the knowledge or authority of the directors, sums of money amounting to six per cent. interest for that period on the $130,000 note. The bill does not connect Perrine with this alleged misappropriation of the company's money.

The third claim is one which, as stated in the bill, may be construed as a charge that Perrine and Wilson jointly misappropriated $12,153.08 of the company's money. The money is alleged to have been, illegally and in violation of law, taken in 1891, and before the incorporation of complainant, from the

treasury of the Trenton Horse Railroad Company, one of the
constituent companies, " by the said purchasing syndicate," and
applied to its use.   This syndicate was, by previous allegation
in the bill, said to consist of Wilson and Perrine.   The bill
claims a joint and several liability for this amount so taken from
the members of the syndicate, and under the rule settled in
*Stockton* v. *Anderson, 13 Stew. Eq. 486,* failure to join Perrine is
not ground of demurrer on Wilson's part.   Even if it were
ground of demurrer as to this portion of the bill, the failure to
join Perrine is not ground for general demurrer to the whole
bill, for if there is any claim in the bill upon which, as therein
stated, the defendant should answer, the general demurrer to the
whole bill must fail.   *Romaine* v. *Hendrickson's Executors, 9 C.
E. Gr. 231, 238 (Chancellor Zabriskie, 1873).*

The fourth claim also relates to seventy shares of stock in the
company issued to the defendant, Wilson, with which Perrine
does not seem to be in any way connected.

The contention of defendant's counsel at the argument and in
their briefs is, that Perrine should be joined as a party defendant,
because it appears by the bill that the alleged misappropriations
were made for the joint benefit of Wilson and Perrine in carry-
ing out the scheme of consolidation, and because it also appears
by the bill that Perrine is the owner of a majority of the stock
of the complainant company, and practically in control of the
company and of the suit, and therefore the suit is substantially
for the benefit of one tort-feasor against the other.   With refer-
ence to this contention, I need only say now that, from the
allegations of the bill, I do not think it can be fairly inferred
that any of the alleged misappropriations (except the third one
mentioned) were made in pursuance of any arrangement with
Perrine or with his consent, and as to the appropriation of the
proceeds of sale of the bonds to the payment of the $130,000
note, there is the direct allegation that it was made against
Perrine's protest.

As the case stands in the bill, therefore, the company, whoever
owns its stock, is entitled to an answer from the defendant as to
all the charges, and the demurrer should be overruled, with costs.